

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TH:EJD/AP
F. #2017R00089

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 5, 2023

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  United States v. Cory Martin
      Criminal Docket No. 20-549 (AMD)

Dear Judge Donnelly:

  The government respectfully submits this letter in response to the defendant's August 10, 2023 letter requesting complete disclosure of materials pursuant to the Jencks Act, 18 U.S.C. § 3500 ("3500 Materials") four weeks prior to the start of trial—in this case, on January 15, 2024. See ECF No. 82, 87. As explained below, an order directing early disclosure of 3500 Material is prohibited by the plain language of § 3500 and is inconsistent with the generally accepted timing for disclosure in this district. Accordingly, the government asks the Court to deny the defendant's motion.

  I.  Production of § 3500 Materials

  The Jencks Act provides:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). Thus, the plain language of the statute prohibits an order compelling the production of prior witness statements "until said witness has testified on direct examination." Id.

Consistent with the statutory text, the Second Circuit has repeatedly ruled that a district court may not order the early disclosure of 3500 Materials. For example, in United States v. Coppa, the Second Circuit reversed a district court's order for early disclosure of 3500 Materials, and reiterated: "We have previously held that the Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements." 267 F.3d 132, 145 (2d Cir. 2001); see also United States v. Gluzman, 154 F.3d 49, 51 (2d Cir. 1998) (government not required to disclose Jencks Act material for cooperating witness before opening statements); United States v. Urso, 369 F. Supp. 2d 254, 273 (E.D.N.Y. 2005) ("[A] district court is without discretion or authority to order the Government to release such [3500] material prior to trial."). This rule is consistent with the central purpose of the statute, which is "to restrict the use of [prior witness] statements to impeachment." Palermo v. United States, 360 U.S. 343, 349-52 (1959); see also United States v. Percevault, 490 F.2d 126, 129 (2d Cir. 1974) (statute reflects "a legislative determination that access to a witness' statement could be useful in impeaching a witness but was not intended to be utilized in preparation for trial").

II. Discussion

The government is mindful of the defendant's need for adequate time to review 3500 Materials in advance of trial. To that end, the government intends to provide 3500 Materials for law enforcement witnesses and expert witnesses three weeks before trial commences, i.e., Monday, January 22, 2024.[1] The government intends to provide 3500 Materials for sensitive witnesses at least 10 days before trial commences, i.e., Monday, February 2, 2024.

The government's proposed schedule for 3500 Materials is similar to production schedules in similar trials. Recently, while noting that the Court could not order the early disclosure of 3500 Materials, the Honorable Rachel P. Kovner approved of the government's proposed schedule in which the government agreed to disclose non-sensitive materials three weeks before trial and sensitive materials 10 days before trial in a complex racketeering case. See United States v. Amador Rios, et al., 18-CR-398 (RPK). Similarly, the Honorable Carol B. Amon so-ordered a 3500 schedule in another three-defendant murder-for-hire prosecution whereby the government agreed to produce 3500 Materials 30 days before trial and "sensitive" 3500 Materials 10 days before trial. See United States v. Yu, et al., 22-CR-208 (June 14, 2023 Docket Entry). All 3500 Materials were disclosed approximately ten days prior to jury selection in United States v. Smothers, No. 20-CR-213 (KAM), which was a racketeering conspiracy trial. See ECF No. 282 (letter memorializing production of 3500 material on January 12, 2023 in advance of January 23, 2023 jury selection). Similarly, the Honorable William F. Kuntz II so-ordered a 3500 schedule in a four-defendant VICAR assault and attempted murder prosecution whereby the government

---

[1] For any particularly voluminous 3500 Materials, the government will endeavor to provide those materials to defense counsel prior to this date.

2

produced all 3500 Materials on October 4, 2022 for a trial scheduled to commence on October 17, 2022.  United States v. Agoro, et al., 20-CR-293 (WFK) (ECF No. 266).

        The government intends to disclose the bulk of 3500 Materials three weeks before trial—largely in line with the defendant's request.  The production of the remaining 3500 Materials for "sensitive" witnesses—a much smaller subset— ten days before trial will still permit the defense to adequately prepare for trial while ensuring those witnesses' safety.  For these reasons, the government asks the Court to deny the defendant's motion requesting the production of all 3500 Materials four weeks before trial.

        Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
Tanya Hajjar
Emily J. Dean
Andy Palacio
Assistant U.S. Attorneys
(718) 254-7000

cc:     Counsel of record (by ECF)
        Clerk of Court (AMD) (by ECF)