

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

TH/EJD/AP
F. #2020R00708

January 31, 2024

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Cory Martin
                Criminal Docket No. 20-549 (S-1) (AMD)

Dear Judge Donnelly:

      The government respectfully submits this letter in response to the defendant's letter filed on January 31, 2024. See Letter, ECF Docket Entry No. 103. Counsel for the defendant makes a series of inaccurate statements to the Court as it contends that it "cannot" comply with the Court's January 30, 2024 Order.

      First, counsel's claim that it has received a "limited amount" of material pursuant to 18 U.S.C. § 3500 ("Section 3500 material") from the government is not accurate. The government began producing its Section 3500 material on January 5, 2024 – over five weeks before the start of jury selection in this case – and, at present, the government has provided nearly 500 separately marked items of Section 3500 material for its anticipated witnesses. Further, in an effort to accommodate defense counsel's request for advance disclosure of Section 3500 material, the government also agreed to provide all Section 3500 material for its sensitive witnesses by January 15, 2024 pursuant to an Attorney's Eyes Only protective order. The government did so, even providing such material to defense counsel prior to the disclosure of non-sensitive Section 3500 material, which is highly unusual. As the government has advised defense counsel, the government will continue to disclose any additional Section 3500 that is located or created.

      The government's Section 3500 disclosures in this case have gone above and beyond its disclosure obligations and the proposed deadlines set forth in its response to the defendant's motion for advance Section 3500 material. See ECF Docket Entry Nos. 87-88, 92. The government has in good faith accommodated defense counsel's requests, including

by providing early disclosure of sensitive Section 3500 material in a case involving substantial risk of safety to witnesses.

For this reason, defense counsel's claim that it has not received "meaningful 3500 material," Ltr. at 2, is astonishing. As for the defendant's claim that it has not received notes of trial preparation meetings with its witnesses, the government has repeatedly advised defense counsel that it is not typically the government's practice to take additional notes during meetings held to prepare witnesses for trial, particularly where the substance of the witness's anticipated testimony has already been set forth in previously-disclosed Section 3500 material, including detailed reports of interviews or "chain-of-custody documents, lab reports, subpoena responses, crime scene unit sketches, and police reports," which defense counsel acknowledges receiving, Ltr. at 2.[1] Since the government has made this representation to defense counsel several times, both by phone and over email, the government is baffled by the claim in the defendant's letter that counsel is "skeptical that no such notes exist," Ltr. at 2, particularly where, as here, counsel has already received detailed and voluminous Section 3500 material setting forth the content of the witness's anticipated testimony.

In addition, contrary to the defendant's assertions, the government has provided some of its marked exhibits, including photographs and cellular phone extractions that accompany proposed stipulations, as well as a lengthy video surveillance compilation incorporating all the video exhibits that the government intends to publish at trial. The government will continue marking exhibits and providing them to defense counsel this week. The government notes that all of the exhibits it currently expects to introduce at trial have already been provided to the defense counsel unmarked, and the majority of those exhibits (including, for example, crime scene photographs, expert reports, autopsy reports, video surveillance, insurance and telephone records, certain cellular phone extractions) were provided years ago as Rule 16(a) material.

The government has endeavored to accommodate defense counsel's requests, including requests for early disclosure of Section 3500 material above and beyond its disclosure obligations and its typical practice.

---

[1] For example, in its first production of early Section 3500 material on January 5, 2024, the government disclosed four lengthy 302 reports of meetings with CW-1, totaling 25 pages. The government has since disclosed over 100 items of Section 3500 material for CW-1.

To date, however, the defendant has not provided any reciprocal discovery to the government as required by Rule 16(b). To avoid gamesmanship and unfair surprise, the government respectfully requests that the defendant be required to comply with the Court's January 30, 2024 Order.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Tanya Hajjar
Emily J. Dean
Andy Palacio
Assistant U.S. Attorneys
(718) 254-7000

cc:     Counsel of record (by ECF)
       Clerk of Court (AMD) (by ECF)