LAW OFFICE OF ANTHONY CECUTTI
217 Broadway, Suite 707
New York, New York 10007
Phone: (212) 619-3730
Cell: (917) 741-1837
Fax: (212) 962-5037
anthonycecutti@gmail.com

February 7, 2024

**BY ECF & E-Mail**
The Honorable Ann M. Donnelly
United States District Court Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

          Re:    *United States v. Cory Martin*, 20 Cr. 549 (AMD)

Dear Judge Donnelly:

      We write in response to the government's letter supplementing its prior motion *in limine* filed last night. For the reasons set forth below, it is respectfully requested that the Court deny the government's motion.

**I.    CW-1 Should Not Be Permitted to Testify Regarding Instances of Physical and Sexual Abuse by Mr. Martin**

      The Government identifies seven examples of abuse that it seeks to elicit from CW-1. We maintain that such evidence is not intrinsic proof of the crimes charged, has limited relevance and any probative value is substantially outweighed by its prejudicial effect. Again, these examples of abuse are intended to inflame the jury with unsubstantiated collateral evidence of bad character aimed at portraying Mr. Martin as man with violent propensities, and a hatred for women and children. This undoubtedly tips the scales in favor of the jury finding his guilt as to the murder of Brandy Odom.

      Further, such accusations of abuse in the relationship between Mr. Martin and CW-1 will not aid the jury in "completing the story" and evaluating the evidence against Mr. Martin as to the charged crimes. Rather, the examples of abuse will lead to trials-within-a-trial and distract the jury from the critical facts and issues that it is tasked to resolve. Moreover, it will lead to juror speculation and confusion. Once again, upon hearing the testimony of physical and sexual abuse by CW-1, the jury will be vulnerable to convicting Mr. Martin based on allegations of violent proclivities and criminal propensity.

## II. Evidence of Fraud Is Not Admissible

The government argues that evidence of another scheme to fraudulently obtain money with CW-1 is admissible. We object. This uncharged evidence is irrelevant and unduly prejudicial.

The government contends that this uncharged scheme from March 2017 "establishes the relationship of trust" between CW-1 and Mr. Martin and "helps explain the evolution of the relationship leading to the murder that they committed and covered up together." By this timeframe, according to the government's own theory, a "relationship of trust" was already in place between Mr. Martin and CW-1. After all, she had been engaging in prostitution at his residence, later moved in by the end of 2016 and as argued by the government, decided with Mr. Martin to murder the father of her own children for life insurance proceeds in August 2016. Surely such evidence establishes a "relationship of trust." An isolated allegation of fraud involving $1000 months later is unnecessary to do so.

## III. Evidence that Mr. Martin Supplied Drugs to CW-1 and Ms. Odom is Not Admissible

The government seeks to offer evidence that CW-1 and Ms. Odom were drug users and Mr. Martin provided them with drugs. We object. Such evidence is irrelevant as to the charged murder-for-hire scheme.

The Government fails to draw a connection between the charged scheme and Mr. Martin's alleged facilitation of CW-1 and Ms. Odom's drug use. It states that CW-1 will testify that she was high on cocaine provided by Mr. Martin at the time she took certain actions relevant to the murder-for-hire conspiracy. The prevailing Government narrative is that CW-1 participated in the scheme due to ongoing fear for her life and children's lives. It is preposterous to argue that evidence of CW-1's use of cocaine, allegedly supplied to her by Mr. Martin, during that participation is somehow probative. The Government makes no suggestion that CW-1's use of the drug actually impacted how she behaved or what she was willing to do with respect to the charged crimes. Further, the Government makes no attempt to provide analysis as to the relevance or probative nature of the evidence related to Mr. Martin's alleged supply of drugs to Ms. Odom. As such, this attenuated and irrelevant evidence should be excluded in its entirety.

## IV. Recruitment of Others is Not Admissible

The government seeks to offer testimony that Mr. Martin asked CW-1 to recruit others to become sex workers. Such evidence is irrelevant in this murder-for-hire case. It serves no proper purpose.

Mr. Martin is not charged with prostitution-related crimes. The Government argues that the purpose of this evidence is to explain the roles Mr. Martin and CW-1 played in

their business and explain the context behind certain text messages. Pursuant to the Court's ruling on February 6, 2024, the Government will be permitted to elicit testimony related to Mr. Martin's role in Ms. Odom and CW-1's commercial sex work. For example, CW-1 is expected to testify about Mr. Martin's management of both her and Ms. Odom, the nature of the relationship between the three of them, and Mr. Martin's control of their lives and business, including having access to their electronic devices and controlling their money. Evidence related to the alleged recruitment of other women for their commercial sex work business is simply unnecessary to serve the purposes outlined in the government's motion. All evidence related to Mr. Martin's recruitment or request that CW-1 recruit other women to become sex workers is irrelevant and should be precluded.

### V.   Conclusion

For the foregoing reasons, the government's motions should be denied.

Respectfully submitted,

/s/

Anthony Cecutti
Kestine Thiele
*Attorneys for Cory Martin*