

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TH/EJD/AP
F. #2020R00708

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 26, 2024

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Cory Martin
Criminal Docket No. 20-549 (S-1) (AMD)

Dear Judge Donnelly:

The government respectfully submits this response to the defendant's supplemental expert notice filed earlier this evening. ECF Docket Entry No. 127. These expert notices are (1) untimely; (2) deficient under the requirements of the Federal Rules of Criminal Procedure because they do not indicate the bases for any purported expert opinions; and (3) as to Kristi Smith, fundamentally different from the statement of conclusions filed on February 19, 2023, and (4) as to Dr. Allan Jamieson, entirely contradict the purported expert conclusion set forth in the defendant's prior notice, which stated that Dr. Jamieson "found no reason to challenge the findings as reported by OCME." ECF Docket Entry No. 122.

As a preliminary matter, as set forth in the government's motion to preclude, the defendant's expert notices are untimely. See Mot., ECF Docket No. 123 at 2 (collecting cases in which courts precluded expert testimony where late notice was provided without sufficient justification). The untimeliness of the expert notices is compounded by the significant differences between the first and purportedly "supplemental" notices. The defendant is now apparently offering entirely different, and, at least as to Dr. Jamieson, contradictory expert testimony.

The defendant's February 19, 2024 notice as to Kristi Smith was a half-page summary regarding the national standards of training a K-9 and how a K-9 typically works a crime scene, as well as two sentences regarding K-9 handler's reports to law enforcement. The defendant's February 26, 2024 notice differs significantly from its original notice, and is still wholly inadequate. The defendant now states that Kristi Smith has reviewed Detective Colecchia's 3500 material and intends to offer opinions on the specific K-9 alerts in this case

as well as K9 Timoshenko's training and qualifications.[1] The defendant's notice remains deficient in that it provides only a summary of what it purports to be the national standard for detection dogs (i.e., that it is at least 16 hours per month) and then offers her purported conclusion that since K-9 Timoshenko's only certification is from 2016, it is "quite possible" that K-9 Timoshenko gave a false alert. The defendant has still has not provided proper notice regarding what, if any, facts, data, principles or methods underlie these claims, nor does it provide the information necessary to determine that this is an expert opinion supported by a reliable application of the principles and methods to the facts of the case. The defendant has still provided no notice of what entity or governing body holds the standards for K-9s described in this supplemental notice.

The supplemental expert notice states that Ms. Smith's testimony is offered to contradict testimony by Detective Colecchia today as to "residual odors of human remains" that were "clearly indicated by K-9 Timoshenko in numerous locations in the house." Notice at 2. But this testimony was only elicited in cross-examination of Detective Colecchia as apparent impeachment evidence and had not been elicited in the government's direct examination. Even if this purported opinion had been timely and properly noticed, it makes little sense for the defendant to offer testimony for the sole purpose of contradicting testimony only elicited in cross-examination and redirect examination.

Finally, as to Dr. Allan Jamieson, the defendant's supplemental disclosure now completely contradicts the initial disclosure in which Dr. Jamieson had "no reason to challenge the findings as reported by OCME." A week after that initial disclosure, Dr. Jamieson now concludes the opposite and states that Mr. Lim's association of the defendant through Y-STR DNA testing to a plastic bag containing the victim's severed limbs is "incorrect science." Setting aside whether this internally inconsistent conclusion qualifies as a valid expert opinion, the defendant's disclosure still fails to comply with the requirements set forth in Rule 16(b)(1)(C), which requires the defendant to set forth the bases and reasons for the expert's opinions. It is simply not enough—as the defendant does here—to rely on the ipse dixit of the expert. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 137 (1997); see also United States v. Mrabet, No. 23-CR-69 (JSR), 2023 WL 8179685, at *2 (S.D.N.Y. Nov. 27, 2023).

Here, Dr. Jamieson's opinion is merely based on his "extensive education, publication history, teaching experience and consultation and testimony on forensic science in cases across the world." This is precisely the type of expert notice that courts have cautioned against. Dr. Jamieson further concludes, without any basis, that Mr. Lim has no formal education on topics including "the difference between nuclear and Y-STR testing, what a DNA molecule looks like, how long DNA can survive on a surface, and how it can be

[1] In a February 19, 2024 phone call, Ms. Smith informed the government that she had reviewed no records regarding the specific K-9 alerts in this case. She further stated that she had not been asked to give any opinions on K-9 Timoshenko's qualifications, but rather to testify solely about the national training standards for detection dogs.

transferred." The defendant's unsubstantiated criticism does not render an otherwise insufficient expert notice into a valid one.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ ________________
Tanya Hajjar
Emily J. Dean
Andy Palacio
Assistant U.S. Attorneys
(718) 254-7000

cc: Counsel of record (by ECF)
Clerk of Court (AMD) (by ECF)